## Horne v. Chichester School District

*John J. Breen,* for plaintiff.

*Stuart W. Davidson, Alaine S. Williams,* for defendant Chichester School District Non-Professional Union Local 2196.

*Arthur Levy, Stephen J. Polaha,* for defendant Chichester School District.

REED, *J.*, September 20, 1984—This case came before the court on the appeal of Curtis Horne from the April 17, 1984 decision of the Chichester School District Board of Directors terminating his employment as a school bus driver.

Prior to his dismissal, Mr. Horne had been employed as a school bus driver by the Chichester School District for a period in excess of five and one half years. No evidence was presented that Mr. Horne had ever experienced any trouble performing his duties as a school bus driver or that he had been disciplined for any behavior related to his employment.

The school district presented evidence that Mr. Horne suffered from a condition referred to as bipolar affective disorder, which is also known as manic depressive illness. Mr. Horne had been under a physician's care and has been maintained on lithium since April 23, 1980 for this condition. Medical evidence presented related that Mr. Horne functioned normally while on lithium.

Prior to December 10, 1983, the school district had never questioned Mr. Horne's fitness for work. Only after the Christmas party, when after drinking that Mr. Horne became drunk and disorderly, was their concern raised.

At the Christmas party, Mr. Horne became loud, got into a fight, was arrested and fined for disorderly conduct. Following that incident Mr. Horne was relieved of his bus driving duties in order to undergo a physical and mental examination, and was reassigned to general duty in the garage on a temporary basis.

Mr. Horne complied with these requests and underwent the physical and mental examinations by Dr. Hugh M. Matthews, who recommended that Mr. Horne return to work, but that maintenance of

his medication schedule should be made a condition of his employment for the first time. Additionally, Dr. Matthews recommended the use of regular blood tests to verify the use of said medication.

Mr. Horne agreed to these requirements and further agreed to pay the cost of the medical monitoring program. In spite of Mr. Horne's agreement, the Superintendent of the Chichester Shool District recommended dismissal of Mr. Horne for incompetency. This matter was heard before a committee of the board of school directors on March 14, 1984. They voted unanimously to terminate Mr. Horne's services with the district on April 17, 1984.

Mr. Horne has appealed the school district's decision to this court.

Under Pennsylvania Local Agency Law, any person aggrieved by an adjudication of a local agency, in this case the Chichester School District, has the right to appeal that adjudication to the court vested with jurisdiction to hear such appeals. We have such jurisdiction.

This court's scope of review is set out in the Local Agency Law:

"In the event a full and complete record of proceedings before the local agency was made, the Court shall hear the appeal without a jury on the record certified by the agency. After hearing, the Court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of sub-chapter B of Chapter 5 related to practice and procedure of local agency, have been violated in the proceedings before the agency, or that any findings of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." See 2 Pa. C.S. §754(b).

This scope of review has been ennunciated in Gabriel v. Trinity Area School District, 22 Pa. Commw. 620, 350 A.2d 203 (1976).

The decision of the agency should be affirmed unless the court finds the agency violated appellant's constitutional rights, committed an error of law, or a manifest abuse of discretion, or that any necessary finding of fact is not supported by substantial evidence.

Here the agency committed a clear and manifest abuse of discretion, and as well its findings are not supported by competent, clear and substantial evidence to establish that Mr. Horne was incompetent to operate a school bus. Not only did the school district fail to establish any job related problems concerning Mr. Horne, but it failed to establish that Mr. Horne was incapable of working from a medical standpoint.

On the contrary, the evidence from Dr. Matthews details that with proper and regular blood tests Mr. Horne's regular use of his medication can be maintained and Mr. Horne can indeed return to his job.

Due to the fact that Mr. Horne has had no job related problem, that he is medically able to return to his job and that he will voluntarily take his medication as he has for the past five and one half years, and undergo regular blood tests, we find that the school district's decision is not supported by credible and substantial evidence which warranted the extreme action taken in terminating Mr. Horne's employment.

Accordingly, we have entered the accompanying order with the appropriate conditions.

## ORDER

And now, this September 20, 1984, upon review of the record and briefs submitted, it is hereby or-

dered and decreed that the appeal of Curtis Horne and the Chichester School District Non-Professional Employees Union Local 2196 to the adjudication of the Chichester School District of April 17, 1984 terminating Curtis Horne's employment be and the same is hereby sustained.

It is ordered that Curtis Horne be reinstated as a school bus driver for the Chichester School District effective April 17, 1984, the date of his termination. It is further directed that Curtis Horne receive his full back pay, seniority and such other benefits as he is so entitled to.

Curtis Horne's reinstatement is conditioned upon the administration of biweekly blood level tests to monitor his compliance in taking the prescribed dose of lithium carbonate medication necessary to control his illness.

Punitive damages, cost and attorney's fees be and the same are hereby denied.